NOT DESIGNATED FOR PUBLICATION

No. 124,041

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY MCINTYRE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed February 4, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Emma Halling*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Terry McIntyre appeals the district court's denial of his third motion to correct illegal sentence. In 2000, a jury convicted McIntyre of aggravated robbery, rape, aggravated criminal sodomy, kidnapping, and aggravated kidnapping. The district court sentenced him to 645 months' imprisonment. For the first time on appeal, McIntyre argues his criminal history score incorrectly classified his 1982 Missouri conviction for exhibiting a dangerous weapon as a person felony because the statute defining the Missouri offense was repealed in 1981. For the reasons explained below, we reject McIntyre's claim and affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2000, a jury convicted McIntyre of aggravated robbery, rape, aggravated criminal sodomy, kidnapping, and aggravated kidnapping for crimes committed in 1999. McIntyre had a criminal history score of B—based on a 1982 Missouri conviction for exhibiting a dangerous weapon and a 1982 Missouri conviction of robbery, which were scored as person felonies. Based on this score, the district court sentenced McIntyre to 645 months' imprisonment. This court affirmed his convictions on direct appeal. *State v. McIntyre*, No. 86,715, 2002 WL 35657434 (Kan. App. 2002) (unpublished opinion) (*McIntyre I*).

In May 2014, McIntyre filed his first motion to correct illegal sentence, arguing that the district court incorrectly calculated his criminal history score by classifying his two Missouri convictions as person felonies. McIntyre asserted that because the Missouri crimes were committed before the enactment of the Kansas Sentencing Guidelines Act (KSGA), they had to be classified as nonperson felonies based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 577 U.S. 1090 (2016) (*Murdock I*).

The district court denied McIntyre's motion, pointing out that the Kansas Supreme Court overruled *Murdock I* in *Keel*. The district court found *Keel* established that pre-KSGA convictions were to be classified based on the comparable Kansas offense in effect at the time of the current crime of conviction. Under this framework, the district court reasoned that the Missouri robbery conviction was a person felony. The district court also reasoned that McIntyre's prior Missouri conviction for exhibiting a dangerous weapon was comparable to the Kansas crime of aggravated assault, a person felony. This court affirmed the district court's decision. *State v. McIntyre*, No. 116,004, 2016 WL 7324508, at *1 (Kan. App. 2016) (unpublished opinion) (*McIntyre II*).

2

In March 2016, McIntyre filed a second motion to correct illegal sentence, arguing that his sentence was illegal because it stemmed from unverified convictions and that because his Missouri crimes were imposed concurrently, they could only be considered one conviction for criminal history purposes. The district court denied McIntyre's second motion, and this court affirmed the district court's decision. *State v. McIntyre*, No. 117,787, 2018 WL 3321177 (Kan. App. 2018) (unpublished opinion) (*McIntyre III*).

On November 21, 2019, McIntyre filed his third motion to correct illegal sentence, the basis for this appeal. He argued that his Missouri conviction of exhibiting a deadly weapon was not comparable to the Kansas crime of simple assault and, thus, his prior conviction must be scored as a nonperson felony. He also asserted that *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), established that *Keel* was a change in law and, thus, his Missouri robbery conviction must be scored as a nonperson felony. Finally, he argued that because his two Missouri convictions arose from a single case, the court could not score the two convictions individually in his criminal history score.

On August 20, 2020, the district court denied McIntyre's 2019 motion to correct illegal sentence. The district court found the law of the case doctrine applied because the legality of the person classification of his prior convictions was previously addressed by the appellate court. The district court also found that *Murdock II* required that the legality of a sentence is determined by the law in effect at the time of sentencing and that under those laws, prior offenses need only be comparable not identical. The district court found exhibiting a deadly weapon comparable to the Kansas crime of aggravated assault and pointed out that nothing in the record suggested that the sentencing court relied on a comparison to the crime of simple assault. Finally, the district court found McIntyre's argument that the court could only count one of the two Missouri convictions in his criminal history score because they arose from the same case to be "without merit." McIntyre timely appealed the district court's judgment.

DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE?

For the first time on appeal, McIntyre argues that his criminal history score incorrectly classified his 1982 Missouri conviction for exhibiting a dangerous weapon as a person felony because the statute for the crime was repealed in 1981. McIntyre argues that K.S.A. 21-4710(d)(9) requires that his exhibiting a dangerous weapon conviction be classified based on comparable Kansas offenses as of the date of its repeal, 1981. McIntyre then asserts that because the KSGA did not have person and nonperson classifications in 1981, his conviction should have been scored as a nonperson crime.

The State counters that this court cannot hear this issue because it is raised for the first time on appeal and that the issue is foreclosed by the law of the case doctrine. On the merits, the State asserts that McIntyre's argument misreads the statute and disregards the controlling portions of the KSGA.

McIntyre acknowledges that he did not raise this issue before the district court, but he argues this court should address the issue because an illegal sentence can be corrected at any time. The illegal sentence statute, K.S.A. 2020 Supp. 22-3504(a), explicitly states that an illegal sentence can be corrected at any time. Moreover, our Supreme Court has stated that a legal challenge to the classification of a prior conviction in a criminal history score can be raised for the first time on appeal under the illegal sentence statute. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). As a result, we will address McIntyre's illegal sentence claim even though he raises it for the first time on appeal.

To begin, the State argues that this issue is foreclosed by the law of the case doctrine. The law of the case doctrine is a common law rule which states that "'[w]hen a second appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal, and reconsideration will not normally be given to such questions.'" *State v. Cheeks*, 313 Kan. 60, 66, 482 P.3d 1129

4

(2021). "[T]he doctrine applies not only to matters actually decided in the prior proceedings, but also to matters for which the party failed to seek review in a prior proceeding." *State v. Parry*, 305 Kan. 1189, 1195, 390 P.3d 879 (2017). But the argument McIntyre is making here has never been raised or ruled on in district court or on appeal in any of the prior proceedings. There is no "law of the case" that forecloses McIntyre's claim, not even a ruling in district court for which McIntyre failed to seek review. Thus, we reject the State's argument that the issue is foreclosed by the law of the case doctrine. The State has not argued whether the broader doctrine of res judicata bars McIntyre's claim, so we will not address whether that procedural bar applies.

*Analysis on the merits*

McIntyre received a criminal history score of B, based in part on a 1982 Missouri conviction for exhibiting a deadly weapon and a 1982 Missouri conviction for robbery that were each scored as a person felony. McIntyre only challenges the classification of his 1982 Missouri conviction for exhibiting a deadly weapon. Thus, he has waived any challenge to the person classification of his 1982 robbery conviction. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (an issue not briefed is waived or abandoned). Both parties acknowledge that McIntyre's conviction for exhibiting a deadly weapon occurred under Mo. Rev. Stat. § 571.115 (1978), a class D felony under Missouri law. This statute was repealed in 1981, even before McIntyre's conviction for his acts committed earlier that year, but as the State points out, the Missouri crime of exhibiting a deadly weapon was merely recodified at Mo. Rev. Stat. § 571.030(4) as part of a reorganization of Missouri statutes relating to firearms and other weapons.

McIntyre relies on K.S.A. 21-4710(d)(9)—which states that in determining an offender's criminal history, "[p]rior convictions of a crime defined by a statute which has since been repealed shall be scored using the classification assigned at the time of such conviction"—as establishing that his sentence is illegal. McIntyre asserts that because the

Missouri statute for exhibiting a deadly weapon was repealed in 1981, under K.S.A. 21-4710(d)(9), his conviction should have been classified by comparing the Missouri offense to the 1981 laws in Kansas, which included no person or nonperson classifications. As a result, McIntyre asserts his prior conviction must be scored as a nonperson offense, and "his sentence is now, and has always been, illegal."

The State counters that McIntyre's argument disregards K.S.A. 1999 Supp. 21-4711, which dictates how out-of-state prior convictions are to be scored. The State asserts that McIntyre's reasoning would lead to the automatic classification of all out-of-state convictions under statutes that have since been repealed as nonperson crimes. The State also argues that caselaw from this court establishes that K.S.A. 2020 Supp. 21-6810(d)(8), the modern codification of K.S.A. 21-4710(d)(9), only applies to prior Kansas crimes committed after the enactment of the KSGA.

An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). Whether prior convictions were misclassified, causing an incorrect criminal history score and thus an illegal sentence, is subject to unlimited review. *Murdock II*, 309 Kan. at 590. Similarly, appellate courts apply unlimited review to issues involving statutory construction. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. See *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative

6

intent behind the clear language, and it should refrain from reading something into the statute that is not readily found in its words. 309 Kan. at 164.

In the first place, it is unclear whether K.S.A. 21-4710(d)(9), the statute McIntyre relies on, even applies here. Our court has found that the recodification of a criminal statute without a substantive change to the definition of the crime does not amount to a repeal. *State v. Murray*, No. 113,622, 2017 WL 544641, at *9 (Kan. App. 2017) (unpublished opinion). Then, in *State v. Lyon*, 58 Kan. App. 2d 474, 489-92, 471 P.3d 716, *rev. denied* 312 Kan. 898 (2020), our court found that it need not decide whether a recodification of a statute constituted a repeal because either way, K.S.A. 2017 Supp. 21-6810(d)(8) does not apply to prior out-of-state convictions or pre-KSGA Kansas convictions. We will not address these decisions in any more detail because, even if we assume these statutes apply to McIntyre's case, his illegal sentence claim fails under the plain language of the statutory scheme that applied to McIntyre's sentence.

Our Supreme Court has clarified that the legality of a sentence is determined by the law in effect when the sentence was pronounced. *Murdock II*, 309 Kan. at 592. Because McIntyre committed his current crimes in 1999, the law in effect then controls his sentence. In 1999, K.S.A. 21-4710 stated in relevant part:

> "(a) Criminal history categories contained in the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes are based on the following types of prior convictions: Person felony adult convictions, nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, person misdemeanor adult convictions, nonperson class A misdemeanor adult convictions, person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, select class B nonperson misdemeanor adult convictions, select class B nonperson misdemeanor juvenile adjudications and convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as

a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor. A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case.

. . . .

"(d) Except as provided in K.S.A. 21-4716, and amendments thereto, the following are applicable to determining an offender's criminal history classification:

. . . .

(9) Prior convictions of a crime defined by a statute which has since been repealed shall be scored using the classification assigned at the time of such conviction." K.S.A. 21-4710 (Furse 1995).

McIntyre asserts that the plain language of subsection (d)(9) means that the classification of a prior offense, under a statute that has since been repealed, is determined based on the date of the repeal of the statute. But his argument disregards the plain language of the subsection and "'add[s] something not readily found in the statute.'" *Ayers*, 309 Kan. at 164. Subsection (d)(9) does not state that the date of repeal controls, instead it states that the classification assigned at the time of the prior conviction controls.

More importantly, McIntyre's argument disregards K.S.A. 1999 Supp. 21-4711(e) which applied "[i]n addition to the provisions of K.S.A. 21-4710." In K.S.A. 1999 Supp. 21-4711(e), the Legislature specifically enumerated how out-of-state convictions, like McIntyre's, were to be classified:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson

8

comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence."

Under K.S.A. 1999 Supp. 21-4711(e), the State had to first consider whether the prior conviction was a misdemeanor or felony according to the convicting jurisdiction. Missouri classified the offense of exhibiting a dangerous weapon as a class D felony at the time of McIntyre's conviction. McIntyre does not dispute the classification of his Missouri conviction as a felony.

Next, under K.S.A. 1999 Supp. 21-4711(e), the State had to consider whether the crime should be classified as a person or nonperson crime. McIntyre asserts that K.S.A. 21-4710(d)(9) directs that his out-of-state conviction be compared to the Kansas laws in effect at the time of the out-of-state statute's repeal. But no such language is found in subsection (d)(9). In fact, subsection (d)(9) does not speak to comparable offenses or classifying the crime as a person or nonperson crime at all.

Instead, K.S.A. 1999 Supp. 21-4711(e) speaks directly to classifying out-of-state crimes as either a nonperson or person crime. Under it, the sentencing court had to compare the out-of-state conviction to Kansas "comparable offenses." Kansas caselaw has firmly established that at the time of McIntyre's sentencing, the comparable offense analysis required comparison to Kansas crimes in effect at the time of the current crime of conviction. See *Keel*, 302 Kan. at 590 ("[T]he classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the KSGA is determined based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed.").

9

The analysis under K.S.A. 1999 Supp. 21-4711(e) and *Keel* has been performed before in this case. In response to the first motion to correct illegal sentence, the district court agreed with the person classification of McIntyre's Missouri conviction for exhibiting a dangerous weapon based on comparison with the 1999 Kansas person felony of aggravated assault. This court upheld this classification in McIntyre's prior appeal. See *McIntyre II*, 2016 WL 7324508, at *1 (finding district court did not err in classifying McIntyre's pre-1993 Missouri convictions as person offenses). As this court has already found, the district court correctly scored McIntyre's Missouri conviction for exhibiting a dangerous weapon as a person felony, and McIntyre received a legal sentence. The repeal of the Missouri statute—at least in McIntyre's case—does not change this analysis.

In sum, McIntyre misconstrues K.S.A. 21-4710(d)(9) and reads too much into the language of the statute. The provision does not say that prior convictions of a crime defined by a statute which has since been repealed shall not be scored in the offender's criminal history. And the provision does not say that prior convictions of a crime defined by a statute which has since been repealed shall be scored using the classification at the time the statute is repealed. The provision merely states that prior convictions of a crime defined by a statute which has since been repealed shall be scored using the classification assigned at the time of such conviction. This provision must be read in conjunction with the language in K.S.A. 1999 Supp. 21-4711(e) that addresses how out-of-state convictions will be used in classifying the offender's criminal history. Applying K.S.A. 1999 Supp. 21-4711(e) and *Keel*, McIntyre's 1982 conviction for exhibiting a dangerous weapon was properly scored as a person felony. Thus, the district court did not err in denying McIntyre's motion to correct illegal sentence.

Affirmed.