S05A0627. LEWIS v. THE STATE.
(614 SE2d 779)

BENHAM, Justice.

William Charles Lewis pled guilty to all 26 counts of an indictment which included two counts of malice murder after the State had given notice of its intent to seek the death penalty.[1] At a bench trial in the sentencing phase, the State showed that when Cynthia Floyd Rolle was killed on March 1, 2001, a piece of paper was found with "Jack" written with a highlighter. On April 8, 2001, when Roger Orr was shot while standing at his door, a note was found with "Jack" written on the back with a highlighter. Later the same day, when Antonio Stepney was fatally shot, a piece of paper with the name "Jack" on it was found near Stepney's car. On April 12, 2001, a bullet was fired into a home occupied by Barbara and Beulah Northern and a note was found nearby with "Jack" written on the back with a highlighter. Shell casings from every scene other than Rolle's home were found to be from the same gun. Rosa Lewis, Lewis's former wife and a colleague of Rolle, was shot four times on April 24, 2001, and was severely injured. Officers who went to Lewis's home to inform him of the shooting noticed a yellow highlighter and a black marker

---

[1] The crimes occurred between February 28 and April 8, 2001. A Fulton County grand jury returned an indictment against Lewis on June 5, 2001, charging him with two counts of malice murder, three counts of felony murder, six counts of aggravated assault, two counts of aggravated battery, two counts of burglary, four counts of criminal damage to property, five counts of possession of a firearm during commission of a felony, and two counts of discharging a firearm within 50 yards of a public street. The trial court imposed consecutive sentences of imprisonment for life without the possibility of parole for the two malice murder charges and consecutive terms of years for the charges which were not vacated by operation of law or merged into other offenses. Pursuant to a timely notice of appeal filed March 8, 2004, the appeal was docketed in this Court on December 16, 2004, and was submitted for decision on the briefs.

in Lewis's bedroom. In a letter to Ms. Lewis dated July 30, 2001, which she identified as being in Lewis's handwriting, and the envelope of which was shown to have Lewis's DNA from saliva, the writer admitted shooting Rolle to cause Ms. Lewis pain.

The trial court found the existence of two statutory aggravating circumstances as to the murder of Rolle, that the offense was committed while Lewis was in the commission of a burglary (OCGA § 17-10-30 (b) (2)), and that the murder was outrageously and wantonly vile, horrible and inhuman in that it involved depravity of mind (OCGA § 17-10-30 (b) (7)); and found one statutory aggravating circumstance relating to the murder of Stepney, that the murder was outrageously and wantonly vile, horrible and inhuman in that it involved depravity of mind. OCGA § 17-10-30 (b) (7). The trial court sentenced Lewis to consecutive terms of life without parole and, for the other offenses which did not merge into the murders, another 191 years to run consecutively to the life sentences.

In his sole enumeration of error, Lewis contends his life-without-parole sentences are invalid because the State did not prove beyond a reasonable doubt the existence of statutory aggravating circumstances. "Imprisonment for life without parole can be imposed in any murder case in which there is found by the court or jury one or more statutory aggravating circumstances as defined by Code Section 17-10-30." OCGA § 17-10-30.1 (a). As noted above, the trial court found as to both murders in this case the existence of the aggravating circumstance set out in OCGA § 17-10-30 (b) (7): "The offense of murder . . . was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim."

The evidence in this case authorized a finding that Lewis murdered Rolle for the specific purpose of causing emotional distress to his former wife; that he shot Orr, a stranger, and shot into the home of the Northerns, also strangers, and murdered Stepney, another stranger; and that he left notes at all those scenes for the purpose of establishing the illusion of an unknown killer working in the area so that when he achieved his ultimate goal of shooting his wife, suspicion would be diverted from him. The trial court found as fact that the two murders in this case "were part of a continuous course of criminal acts, which included not only these murders, but the aggravated battery of Roger Orr and of Rosa Lewis, and the aggravated assault of Beulah Northern and Barbara Northern."

In *Strickland v. State*, 247 Ga. 219, 231-232 (275 SE2d 29) (1981), where the defendant committed an aggravated battery against June Carroll and murdered her sister Bonnie, this Court found the evidence supportive of a (b) (7) finding because "the killings were the culmination of a preconceived plan to inflict mental distress upon

June Carroll . . . ," and found it "appropriate to consider the nonfatal wounds inflicted upon June as well as the fatal wounds inflicted on Bonnie because they all are aspects of the same depraved plan to inflict mental distress on June." In the present case, the evidence supports a finding the first killing was done specifically to cause mental distress to Rosa Lewis and the other violent crimes to strangers were part of Lewis's depraved plan that culminated in the infliction of nonfatal wounds to Rosa Lewis. The killing of strangers for the purpose of advancing some goal entirely unconnected to the victims or their connection to the defendant was also found to satisfy the requirement for showing depravity of mind in *Colwell v. State*, 273 Ga. 634 (11) (544 SE2d 120) (2001), where Colwell shot to death two strangers for the express purpose of having the State put him to death. Viewing the facts of the present case in the context of those precedents, we conclude the evidence supported the trial court's finding that both murders in this case were outrageously or wantonly vile, horrible, or inhuman in that they involved depravity of mind.

Because we find that each sentence of life without parole is supported by at least one statutory aggravating circumstance, we need not and do not reach the issue whether the evidence was sufficient to support a finding pursuant to OCGA § 17-10-30 (b) (2) that the murder of Rolle was committed while Lewis was engaged in a burglary. *McMichen v. State*, 265 Ga. 598 (2) (458 SE2d 833) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 16, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.