IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,654

STATE OF KANSAS,
*Appellee*,

v.

CURTIS R. AYERS,
*Appellant*.

SYLLABUS BY THE COURT

1.

*State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), requires a district court judge to explicitly consider on the record a criminal defendant's financial resources before assessing a Board of Indigents' Defense Services fee. Failure to do so compels vacation of the fee assessment and remand for its reconsideration.

2.

Imposition of consecutive on-grid sentences consecutive to a life sentence without possibility of parole is not an abuse of discretion.

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed January 11, 2019. Affirmed in part, vacated in part, and remanded with directions.

*Meryl Carver-Allmond*, of Kansas Capital Appellate Defender Office, argued the cause, and was on the briefs for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, argued the cause, and *Mark A. Dupree*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

1

The opinion of the court was delivered by

BEIER, J.: This case involves Board of Indigents' Defense Services (BIDS) fees imposed on defendant Curtis R. Ayers and his sentences for capital murder and other felonies.

The district court judge assessed BIDS fees against Ayers after his conviction, but the district court did not follow proper procedure in assessing the fees. Ayers now challenges this procedural defect and further asserts that it was unreasonable for the district judge to order most of his sentences to be served consecutively. As detailed below, the district judge erred by failing to explicitly consider Ayers' financial resources when he assessed the BIDS fee. See *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006). But the district judge did not abuse his discretion by ordering consecutive sentences. We affirm Ayers' sentences, vacate the BIDS fee assessed, and remand this case for reconsideration of that fee.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Ayers with multiple felonies directly related to an incident in which he killed Detective Brad Lancaster. Because Ayers was indigent, he was appointed a public defender. Ayers pleaded guilty to all counts.

At sentencing, the district court judge sentenced Ayers to life without the possibility for parole for the capital murder conviction and various on-grid sentences for his other crimes. Ayers received 247 months for a first count of aggravated robbery; 61 months for a second count of aggravated robbery; 61 months for each of two counts of kidnapping; 34 months for each of two counts of aggravated burglary; 34 months for aggravated battery; 19 months for aggravated assault of a law enforcement officer; and 9 months for criminal possession of a firearm. All of Ayers' sentences were ordered to run

2

consecutive to each other except for the aggravated burglary sentences, which the district judge ordered to run concurrent.

Ayers' public defender argued that the district court should not require Ayers to reimburse BIDS. The district judge then asked defense counsel, "Where are we on attorney's fees?" Defense counsel responded that "the work done on this case was limited" and Ayers pleaded guilty quickly so that the public defender was seeking only "100 or 200 dollars" in reimbursement, "a nominal amount." The district judge then said, "I take it that the attorney's fees incurred are substantially more than that," which defense counsel admitted was true. There was no other discussion of BIDS fees until the end of sentencing, when the district judge assessed $1,000.

## DISCUSSION

*BIDS Fees Assessment*

Ayers asserts that the district judge did not follow the proper procedure in assessing the BIDS fees against him because he failed to consider—on the record— Ayers' ability to pay those fees. This challenge raises a question of law subject to unlimited review. *Robinson*, 281 Kan. at 539.

> "To the extent we are called upon to interpret the statute, we first attempt to give effect to the intent of the legislature as expressed through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to express language, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. Stated yet another way, a clear and unambiguous statute must be given effect as written. If a statute is clear and

3

unambiguous, then there is no need to resort to statutory construction or employ any of the canons that support such construction.

. . . .

"The language of K.S.A. 2005 Supp. 22-4513(b) clearly requires a sentencing judge, 'in determining the amount and method of payment' of BIDS reimbursement, i.e., at the time the reimbursement is ordered, to 'take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose.' The language is mandatory; the legislature stated unequivocally that this 'shall' occur, in the same way that it stated unequivocally that the BIDS fees 'shall' be taxed against the defendant. The language is in no way conditional. There is no indication that the defendant must first request that the sentencing court consider his or her financial circumstances or that the defendant must first object to the proposed BIDS fees to draw the sentencing court's attention to those circumstances.

. . . .

"[T]he sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision. Without an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible. [Citations omitted.]" 281 Kan. at 539-40, 543-44, 546-47.

*Robinson* controls the outcome of this issue and requires a decision in Ayers' favor. The district judge simply assessed attorney fees against Ayers without explicitly saying on the record how this financial burden would affect Ayers. This fact is apparent on the record before us and is admitted by the State in its brief.

We expressly reject the State's argument that "there is no additional fact-finding any court must do in order to resolve the issue of BIDS fees." A district court fact-finding

4

regarding Ayers' financial resources still is required for "meaningful appellate review" to occur. 281 Kan. at 546.

We also expressly reject the State's argument that the BIDS fee assessed does not qualify as "unworkable." Its comparison of BIDS fees to restitution awards misses the point: Ayers is contesting the procedure by which the BIDS fee was imposed, not the fee's workability, and restitution awards are the subject of a wholly distinct statute. See K.S.A. 2017 Supp. 21-6604(b)(1) (courts required to order defendants to pay restitution unless "unworkable"); K.S.A. 22-4513 (no mention of "workability"); *State v. King*, 288 Kan. 333, 356-58, 204 P.3d 585 (2009) (comparing BIDS statute and prior version of restitution statute).

"The [BIDS fee statute's] language is in no way conditional," and our caselaw is unequivocal. *Robinson*, 281 Kan. at 543. The BIDS fee assessment must be vacated and this case remanded for its reconsideration.

*Consecutive Sentences*

Ayers also asserts that the district judge abused his discretion by ordering most of his on-grid sentences to run consecutive. He argues that his life sentence without the possibility of parole for capital murder means there is no possibility he will ever serve the on-grid sentences. According to Ayers, this was unreasonable and thus an abuse of discretion. See *State v. Brune*, 307 Kan. 370, 371-73, 409 P.3d 962 (2018) (abuse of discretion demonstrated if decision [1] arbitrary, fanciful, or unreasonable; [2] based on an error of law; [3] based on an error of fact).

Ayers' argument presumes that the sole purpose or goal of sentencing is incapacitation of the offender. We—along with the United States Supreme Court—have

5

recognized that the purposes of sentencing go beyond pure incapacitation. See *Graham v. Florida*, 560 U.S. 48, 71, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (retribution, deterrence, incapacitation, rehabilitation legitimate goals of sentencing); *State v. Gomez*, 290 Kan. 858, Syl. ¶ 7, 235 P.3d 1203 (2010) (same). While Ayers' capital murder sentence fulfills the purpose of incapacitation and, one hopes, deterrence, it does not advance the goal of retribution for his other crimes. Retribution is the oldest justification for sentencing and an important aspect—it is "a merited response to the actor's deed . . . expressing moral reprobation of the actor for the wrong." 1 LaFave, Substantive Criminal Law § 1.5(a)(6) (3d ed. 2018).

Moreover, sentencing of defendants to terms of imprisonment they are unlikely to serve is common. See, e.g., *State v. Kleypas*, 305 Kan. 224, 240, 382 P.3d 373 (2016) (defendant sentenced to death, 69 months for attempted rape, 34 months for aggravated burglary; rape, burglary sentences consecutive to death sentence); *State v. Mayberry*, 248 Kan. 369, 387-88, 807 P.2d 86 (1991) (defendant given two life sentences, 40-year sentence; all consecutive), *disapproved of on other grounds by State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006); *United States v. Sarras*, 575 F.3d 1191, 1220-21 (11th Cir. 2009) (defendant sentenced to 1,200 months; detailing several cases in which defendants received sentences no person could be expected to serve); *United States v. Betcher*, 534 F.3d 820, 823, 826-28 (8th Cir. 2008) (defendant given consecutive prison sentences totaling 750 years); *United States v. Metzger*, 411 Fed. Appx. 1, 3-5 (7th Cir. 2010) (unpublished opinion) (defendant given consecutive prison sentences totaling 235 years); *People v. Chacon*, 37 Cal. App. 4th 52, 67, 43 Cal. Rptr. 2d 434 (1995) (defendant's determinate sentences ordered to run consecutive with sentence of life without possibility of parole); *Lewis v. State*, 279 Ga. 464, 465, 614 S.E.2d 779 (2005) (same); *Clippinger v. State*, 54 N.E.3d 986, 987-91 (Ind. 2016) (defendant given two consecutive sentences of life without parole).

Under these authorities, we cannot say the district court's imposition of on-grid sentences consecutive to Ayers' sentence of life imprisonment without the possibility of parole was an abuse of discretion.

CONCLUSION

We affirm Ayers' consecutive sentences. We vacate the district court's assessment of the $1,000 BIDS fee and remand this case for reconsideration of that fee.