NOT DESIGNATED FOR PUBLICATION

No. 123,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARWIN TRENT GORDON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 28, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Darwin Trent Gordon Jr. appeals his conviction of aggravated endangering a child following a jury trial. The sole issue presented on appeal is whether the State presented sufficient evidence at trial to support Gordon's conviction. Based on our review of the record in light of Kansas law and viewing the evidence in the light most favorable to the State as we are required to do, we find that the State presented sufficient evidence on which a jury could determine beyond a reasonable doubt that Gordon is guilty of aggravated endangering of a child. Thus, finding no error, we affirm Gordon's conviction.

FACTS

Around 9:45 p.m. on the night of October 14, 2016, Detective Aaron Moses responded to a "suspicious character call" in a residential Wichita neighborhood. Upon arrival, Detective Moses found a Hyundai sedan parked alongside the curb with its blinker on and window down. After exiting his patrol vehicle, Detective Moses saw Gordon standing on a porch across the street from where the Hyundai was parked. Upon approaching Gordon, Detective Moses smelled a strong odor of alcohol and noticed that Gordon slurred his words when he spoke. The detective also observed that Gordon had trouble standing without assistance.

Detective Moses later discovered that there was a young girl—who was around two years old—alone in the parked Hyundai. He also observed that there was no car seat in the vehicle and that the young girl was crawling freely around the inside of the car. In addition, Detective Moses saw an open bottle of brandy with a straw in the cupholder between the front seats of the car.

Although Detective Moses did not see Gordon drive the car, a neighbor told police that she saw Gordon driving the car. At trial, however, the neighbor recanted her statement. At the scene, Gordon failed the walk-and-turn test and was placed under arrest for driving under the influence. Gordon declined to take a breath test.

Although initially denying that he drove the car, Gordon ultimately admitted to Detective Moses—after being Mirandized—that he drove the Hyundai to where it was parked after having consumed a pint of liquor at a friend's house. Gordon also admitted that he drove the car with the child inside the car. Gordon also acknowledged that his actions put both himself and the child in danger. Even though Gordon told Detective Moses that the child's mother was his girlfriend, it was later discovered that the child's mother was actually another woman.

2

The State charged Gordon with driving under the influence, aggravated endangering a child, transporting an open container of alcoholic beverage, driving while license is suspended or canceled, and circumvention of an ignition interlock. On March 2, 2020, at the conclusion of a three-day trial, a jury convicted Gordon on each of the charges. On the same day he was sentenced, Gordon filed a timely notice of appeal.

ANALYSIS

On appeal, Gordon only challenges his conviction for aggravated endangering a child. Notably, Gordon does not contest his conviction for driving under the influence, nor does he dispute that he did so with a young child in the car. As a result, we will only address the sufficiency of the evidence as it relates to his aggravated endangerment conviction.

Gordon contends that K.S.A. 2020 Supp. 21-5601(b)(1) requires proof that harm to the young child "actually manifested" to support a felony conviction. In response, the State cites us to opinions from several panels of this court that have interpreted K.S.A. 2020 Supp. 21-5601(b)(1) to require "actual endangerment" rather than "actual harm" to establish aggravated endangering a child. Consistent with those prior decisions, the State contends that the evidence presented at trial is sufficient to support Gordon's aggravated endangerment conviction.

When the sufficiency of the evidence is challenged on appeal, we must review the evidence in the light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). In doing so, we are not to reweigh the evidence or resolve evidentiary conflicts. We are also not to assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). Moreover, a conviction can be based entirely on circumstantial evidence and on the reasonable

3

inferences that can be drawn from such evidence. If an inference is reasonable, we will not replace our judgment for that of the fact-finder. *State v. Potts*, 304 Kan. 687, 694, 374 P.3d 639 (2016).

To the extent that the resolution of this appeal requires us to interpret the provisions of K.S.A. 2020 Supp. 21-5601(b)(1), our review is unlimited as statutory interpretation involves an issue of law. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). When a statute is plain and unambiguous, we do not speculate about the legislative intent behind that clear language, and we must refrain from reading something into the statute that is not readily found in its words. *State v. Ayers*, 309 Kan. 162, 164, 432 P.3d 663 (2019).

K.S.A. 2020 Supp. 21-5601 provides, in relevant part, as follows:

"(a) Endangering a child is knowingly and unreasonably causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health may be endangered.

"(b) Aggravated endangering a child is:

(1) Recklessly causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health is *endangered*." (Emphasis added.)

A violation of subsection (a) is a person misdemeanor, while a violation of subsection (b) is a severity level 9 person felony. K.S.A. 2020 Supp. 21-5601(c)(1) and (2).

4

Gordon argues that the phrase "is endangered" in the statute must be interpreted to mean that the child is "actually harmed" by the actions of another. As such, Gordon suggests that he can only be convicted of a misdemeanor under K.S.A. 2020 Supp. 21-5601(a). However, on its face, the language of K.S.A. 2020 Supp. 21-5601(b)(1) does not require that a child actually suffer harm from a defendant's reckless behavior but instead requires that the child actually be placed in danger. See *State v. White*, 55 Kan. App. 2d 196, 201, 410 P.3d 153 (2017); *State v. Herndon*, 52 Kan. App. 2d 857, 865, 379 P.3d 403 (2016); *State v. Storms*, No. 113521 2016 WL 758351 (Kan. App. 2016) (unpublished opinion).

As explained in *State v. Hansford*, No. 109,105, 2014 WL 1707455, at *4 (Kan. App. 2014) (unpublished opinion), "[t]o 'endanger' is 'to expose to harm or danger; imperil.' American Heritage Dictionary 589 (4th ed. 2006)." Based on our review of the record, we find the jury could conclude from the evidence presented at the trial of this case—as well as the reasonable inferences to be drawn from such evidence—that Gordon exposed the young child to harm, danger, and/or peril. In particular, we find it significant that Gordon does not challenge his conviction for driving while intoxicated. In addition, there is evidence in the record that he admitted to driving with the young child in the car. Further, Detective Moses found the young child alone and unrestrained in the car near an open bottle of brandy that had a straw in it.

This case is similar to *State v. Martin*, No. 110,556, 2015 WL 5224697, at *7-8 (Kan. App. 2015) (unpublished opinion), in which this court affirmed the aggravated child endangerment conviction of a defendant who drove intoxicated with a young child in his vehicle. In affirming the conviction, Judge Steve Leben wrote: "[A]ny reasonable person would know not to drive drunk with [an] 18–month–old child in the car." 2015 WL 5224697, at *1. We agree.

It is not our role to reweigh the evidence presented at trial, nor is it our role to pass on the credibility of witnesses. Rather, it is our role to view the evidence—and the reasonable inferences drawn from the evidence—in the light most favorable to the State to determine if a rational fact-finder could find Gordon guilty of aggravated endangering a child beyond a reasonable doubt. Based on our review of the record, we conclude that the State presented the jury with sufficient evidence to support Gordon's conviction for aggravated endangerment of a child under K.S.A. 2020 Supp. 21-5601(b)(1). Thus, we affirm Gordon's conviction.

Affirmed.