NOT DESIGNATED FOR PUBLICATION

No. 124,177

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SALVADOR QUINONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed June 10, 2022. Sentence vacated in part and case remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

PER CURIAM: At his sentencing hearing, the district court ordered Salvador Quinones to pay $350 in attorney fees to reimburse the Board of Indigents' Defense Services (BIDS) for a portion of his appointed attorney's time. Quinones challenges that order, arguing the district court could not evaluate his ability to pay these fees because it failed to inquire adequately about his income. We agree with Quinones—though the district court asked him several questions about his expenses, it did not seek sufficient information about his *income* to inform its assessment of his finances. We therefore vacate the imposed BIDS fees and remand for a new hearing consistent with this opinion.

1

Quinones pleaded no contest to possession of methamphetamine and aggravated endangerment of a child. In June 2021, the district court ordered him to serve 12 months' probation with an underlying 17-month prison sentence. The court also ordered him to pay court costs and various fees.

After imposing this sentence, the district court engaged in a discussion with Quinones about his financial circumstances to ascertain whether he could pay some portion of the BIDS attorney fees incurred for his defense. During this discussion, Quinones explained that he had been working full time at National Beef, a meatpacking plant, for about a month before the hearing. Quinones did not inform the court—and the judge did not ask—how much he earned in this position.

Once the court learned that Quinones was employed, the judge asked Quinones several questions about his expenses. Quinones explained that he had been unemployed before starting his position at National Beef and had no savings. He informed the judge that he currently paid $500 per month "to help around the house" while living with his parents and sister. And he explained that he had a child; though he did not pay child support, he provided for his child while the child was in his care.

Following this discussion, the court ordered Quinones to pay $350 in BIDS attorney fees. The court explained it was ordering Quinones to pay these fees because he was "gainfully employed" and "hopefully [was] getting paid pretty good . . . at National right now."

On appeal, Quinones argues that the district court's inquiry into his ability to pay the BIDS attorney fees was inadequate because the court did not sufficiently determine his income—instead, it merely assumed his income was sufficient in light of his employment. He also asserts that the court should have inquired more specifically about his financial obligations, including any potential debt he may have incurred while he was

2

unemployed. He argues that without this information, the court was unable to weigh his financial resources against the burden of reimbursement. The State contends the court could infer Quinones' financial resources because he worked full time and did not have regular outstanding financial obligations; it further notes that the district court allowed Quinones to enter into a payment plan to reimburse the BIDS fees, so he would not be obliged to pay the entire $350 at once.

If a defendant represented by court-appointed counsel is convicted, any costs incurred by BIDS are assessed against that defendant. K.S.A. 22-4513(a). But a district court may reduce or waive these costs if payment would impose a manifest hardship on the defendant. K.S.A. 22-4513(b). To determine the appropriate amount, a court must consider the defendant's financial resources and the burden payment would create. K.S.A. 22-4513(b). This assessment is mandatory, and courts must explicitly state on the record how they weighed these factors when making the assessment, which permits meaningful appellate review. *State v. Robinson*, 281 Kan. 538, 543, 546, 132 P.3d 934 (2006). A court commits reversible error by not explicitly considering these factors. *State v. Voyles*, 284 Kan. 239, Syl. ¶ 8, 160 P.3d 794 (2007).

A district court's compliance with K.S.A. 22-4513 raises a legal question reviewed de novo. *State v. Ayers*, 309 Kan. 162, 163, 432 P.3d 663 (2019). And appellate courts may review pure legal questions that are finally determinative for the first time on appeal. See *Robinson*, 281 Kan. at 541; see also *State v. Garcia-Garcia*, 309 Kan. 801, 822, 441 P.3d 52 (2019) (noting review is appropriate to serve the ends of justice).

After reviewing the transcript of the district court's discussion with Quinones, we are persuaded by Quinones' argument regarding the sufficiency of the district court's inquiry into his income. A court must consider the defendant's financial resources and the burden a payment would create when determining whether to impose BIDS attorney fees. Because both assets and debts—money earned or previously saved and money spent—

3

form a person's financial resources, a court must consider a defendant's income before it can assess his or her ability to pay BIDS fees.

Here, the district court was aware that Quinones had no savings. Without inquiring into Quinones' income, the court could only speculate—and did in fact speculate—about the extent of his financial resources. Put another way, without ascertaining Quinones' income as a starting point, the district court could not assess whether his income exceeded his expenses or what burden payment of the $350 BIDS attorney fees would create. See *State v. Peters*, No. 104,968, 2011 WL 4444484, at *1 (Kan. App. 2011) (unpublished opinion) (suggesting failure to inquire about income and financial obligations prevented court from determining burden imposing BIDS fees would create).

Because the district court's inquiry into Quinones' income was deficient, we need not consider his claim that the court should have asked additional questions about any outstanding debts or other financial obligations. We note only that both sides of a person's financial ledger—a person's income and a person's financial obligations—are relevant to his or her ability to pay BIDS fees.

K.S.A. 22-4513 requires the district court to adequately assess Quinones' financial resources and the impact imposing BIDS attorney fees would create. This assessment necessarily requires an inquiry into the extent of Quinones' income. The court erred by assuming Quinones' income was sufficient to pay the BIDS fees.

Sentence vacated in part and case remanded with directions.