NOT DESIGNATED FOR PUBLICATION

No. 124,176

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN W. STUBBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 16, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., COBLE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Justin W. Stubbs argues that he qualified for noncustodial substance abuse treatment under Senate Bill 123 and the district court erred by sending him to prison for possession of methamphetamine. He argues that an ambiguity in the sentencing statutes would permit this disposition. We disagree and affirm his sentence.

Stubbs pleaded guilty to possession of methamphetamine. His convictions for felony drug possession triggered special sentencing rule 26, which calls for presumptive imprisonment for a third or subsequent felony drug possession.

1

At sentencing, Stubbs argued that SB 123 mandated treatment. He therefore contended that SB 123 overruled special rule 26 because there was no exception for people that fall within special rule 26 in SB 123. Stubbs otherwise qualified for SB 123 treatment if special rule 26 did not apply.

The district court held that Stubbs' argument conflicted with the intent of the statutes. The court explained that under Stubbs' interpretation, special rule 26 could never be imposed because every offender convicted of felony drug possession would receive mandatory SB 123 treatment no matter how many prior convictions they had. The district court rejected Stubbs' argument and sentenced him to 20 months in prison.

Stubbs asks us to reverse the sentencing court's finding that he is ineligible for SB 123 treatment and remand his case for resentencing. To resolve this claim we must review three statutes.

Senate Bill 123 is found at K.S.A. 2021 Supp. 21-6824. It provides for a mandatory nonprison sanction of certified drug abuse treatment for certain defendants charged with drug possession:

> "(a) There is hereby established a nonprison sanction of certified drug abuse treatment programs for certain offenders who are sentenced on or after November 1, 2003. Placement of offenders in certified drug abuse treatment programs by the court shall be limited to placement of adult offenders, convicted of a felony violation of K.S.A. 21-5705 or 21-5706, and amendments thereto, whose offense is classified in grid blocks:

> (1) 5-C, 5-D, 5-E, 5-F, 5-G, 5-H, or 5-I of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, prior to their repeal, K.S.A. 21-36a03, 21-36a05 or 21-36a16, prior to their transfer, or K.S.A. 21-5703, 21-5705, or 21-5716, and amendments thereto, or any substantially similar offense from another jurisdiction[.]"

2

K.S.A. 2021 Supp. 21-6604(n) makes treatment mandatory for defendants who meet the requirements of SB 123 unless another statute applies:

"(1) Except as provided by K.S.A. 21-6630 and 21-6805(f), and amendments thereto, in addition to any of the above, for felony violations of K.S.A. 21-5706, and amendments thereto, the court shall require the defendant who meets the requirements established in K.S.A. 21-6824, and amendments thereto, to participate in a certified drug abuse treatment program, as provided in K.S.A. 75-52,144, and amendments thereto[.]"

K.S.A. 2021 Supp. 21-6805(f)—known as the three strikes rule—and special rule 26 makes a third or subsequent felony drug possession conviction a presumptive prison sentence and directs how defendants may participate in drug abuse treatment and how that affects their sentences:

"(1) The sentence for a third or subsequent felony conviction of K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 21-36a06, prior to its transfer, or K.S.A. 21-5706, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section. The defendant's term of imprisonment shall be served in the custody of the secretary of corrections in a facility designated by the secretary. Subject to appropriations therefore, the defendant shall participate in an intensive substance abuse treatment program, of at least four months duration, selected by the secretary of corrections. If the secretary determines that substance abuse treatment resources are otherwise available, such term of imprisonment may be served in a facility designated by the secretary of corrections in the custody of the secretary of corrections to participate in an intensive substance abuse treatment program. The secretary's determination regarding the availability of treatment resources shall not be subject to review. Upon the successful completion of such intensive treatment program, the offender shall be returned to the court and the court may modify the sentence by directing that a less severe penalty be imposed in lieu of that originally adjudged. If the offender's term of imprisonment expires, the offender shall be placed under the applicable period of postrelease supervision."

These three statutes must be considered together. Does one nullify the other? We follow the reasoning found in an unpublished opinion of our court. A panel of our court held that there is a conflict between SB 123 and K.S.A. 2017 Supp. 21-6805(f), but the conflict is resolved by the language "except as provided by" K.S.A. 2017 Supp. 21-6805(f) in K.S.A. 2017 Supp. 21-6604(n). *State v. Daniels*, No. 119,946, 2019 WL 4725329, at *3 (Kan. App. 2019). But Stubbs suggests that there is an ambiguity that creates a different exception contrary to our ruling in *Daniels.*

Stubbs contends that the intensive substance abuse treatment program in K.S.A. 2021 Supp. 21-6805(f) is unfunded. And since the program is unfunded and thus unavailable, the clause "except as provided by K.S.A. 21-6805(f)" found in K.S.A. 2021 Supp. 21-6604(n) is ambiguous. He suggests it is unclear whether the Legislature intended the exception in K.S.A. 2021 Supp. 21-6604(n) to trigger if the "special sentencing conditions" provided in K.S.A. 2021 Supp. 21-6805(f) are unavailable. The "special sentencing conditions" Stubbs refers to are the intensive substance abuse treatment program and the possibility of sentence modification.

Stubbs argues that his interpretation is supported by reading K.S.A. 2021 Supp. 21-6805(f), K.S.A. 2021 Supp. 21-6604(n), and K.S.A. 2021 Supp. 21-6824 collectively. He says that the statutes provide for some form of drug treatment, showing the Legislature's intent to provide the opportunity for drug abuse treatment for all defendants convicted of drug possession.

*We see no such ambiguity in K.S.A. 2021 Supp. 21-6604(n).*

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021). The most fundamental rule of statutory construction is that the intent of the Legislature governs if it can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019).

When a statute is plain and unambiguous, appellate courts should not speculate about legislative intent behind that clear language or read something into the statute that is not readily found in its words. *State v. Ayers*, 309 Kan. 162, 164, 432 P.3d 663 (2019). Appellate courts first try to ascertain legislative intent through statutory language enacted, giving common words their ordinary meanings. *Montgomery v. Saleh*, 311 Kan. 649, 654, 466 P.3d 902 (2020).

There is no ambiguity in the language "[e]xcept as provided by . . . K.S.A. 21-6805(f)" in K.S.A. 2021 Supp. 21-6604(n). Webster's New World College Dictionary 506 (5th ed. 2014) defines "except" as "leaving out; omitting; other than." "Provide" is defined as "make available; supply; to state as a condition; stipulate." Webster's New World College Dictionary 1171 (5th ed. 2014).

Stubbs is saying that K.S.A. 2021 Supp. 21-6805(f) may only apply to a defendant when they will receive intensive substance abuse treatment. The plain language of the statute leads us to a different conclusion. The statute states that substance abuse treatment is required "[s]ubject to appropriations therefore," and "[i]f the secretary determines that substance abuse treatment resources are otherwise available" the defendant may serve his prison term getting intensive substance abuse treatment and "[t]he secretary's determination regarding the availability of treatment resources shall not be subject to review." K.S.A. 2021 Supp. 21-6805(f)(1).

The plain language of K.S.A. 2021 Supp. 21-6805(f) shows that a defendant shall be sentenced to prison and receive substance abuse treatment if resources are available. The availability of substance abuse treatment is not a prerequisite to being sentenced to prison under the statute. Because there is no ambiguity, we reject Stubbs' argument.

5

*Stubbs' sentence is not illegal.*

Stubbs also argues that his sentence is illegal because the sentencing court had to sentence him to custodial substance abuse treatment under K.S.A. 2021 Supp. 21-6805(f).

An "illegal sentence" is a sentence:
- imposed by a court without jurisdiction;
- that does not conform to the applicable statutory provision, either in character or punishment; or
- that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. K.S.A. 2021 Supp. 22-3504(c)(1).

Under K.S.A. 2021 Supp. 21-6805(f), the district court properly found that Stubbs' sentence was presumptive prison and sentenced him to prison in the custody of the Secretary of Corrections. Stubbs' sentence conforms to K.S.A. 2021 Supp. 21-6805(f) and is therefore not illegal. The statute makes it clear that offenders only receive intensive substance abuse treatment if there are appropriations for it. That determination is made by the Secretary of Corrections—not the district court.

Affirmed.