NOT DESIGNATED FOR PUBLICATION

No. 125,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN A. BALLARD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick County District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed January 26, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., COBLE and PICKERING, JJ.

PER CURIAM: K.S.A. 2021 Supp. 22-4905(f) of the Kansas Offender Registration Act (KORA) requires registrants who have no fixed or identifiable address—that is, transient—to report to the local registering law enforcement agency at least every 30 days. Benjamin A. Ballard appeals his conviction for violating this statute, arguing we should reverse his conviction for two reasons. First, Ballard claims that the State presented insufficient evidence to support his conviction. Alternatively, he argues that the district court's failure to give the jury an instruction on the statutory definitions of transient, residence, and reside as meant under K.S.A. 2021 Supp. 22-4902 constituted

1

clear error. On our review, we find neither of Ballard's arguments persuasive under the applicable law and facts of his case and affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Ballard's duty to register arose from his prior criminal conviction in Arkansas for second-degree sexual assault. In June 2010, Ballard moved to Sedgwick County, Kansas, and neither party disputes he was required to then register as a lifetime sexual offender under KORA.

Upon his initial registration, Ballard completed a "Kansas Offender Registration Form." In this form, Ballard stated that his "physical residence address" was on Emporia Street. On the same day, Ballard signed a second page acknowledging his lifetime offender registration requirements in Kansas. By signing the acknowledgment, Ballard recognized he must report any change of address to the local registering law enforcement agency within 10 days of that address change. He also acknowledged that he must report three times per year in person—"in the month of [his] birthday and every fourth and eighth month occurring after [his] birthday" in accordance with the statute at that time, K.S.A. 2010 Supp. 22-4904(c). Later, in 2011, the statute was amended to the current schedule, requiring lifetime registrants to report quarterly based on their birthday month. See K.S.A. 2021 Supp. 22-4905(b). Ballard's birthday is in October, so to comply with KORA, Ballard was to report to the Sedgwick County registration office each January, April, July, and October.

Although Ballard was convicted of a reporting violation in May 2017, it seems he otherwise followed his registration requirements through August 2021. When he reported on August 27, 2021, though, Ballard completed a "Registration Change of Information Form." Lena Kastner, an employee at the Sedgwick County Sheriff's Office Offender Registration Unit, helped Ballard complete this form. On the form, Ballard changed his

2

"Current Physical Residence" to an address on Hillside Street that belonged to his brother, John Ballard. On the same form, in a blank section on the second page, Ballard wrote: "I walk around Broadway and the Lord's Diner." And below this handwritten statement, Ballard signed another acknowledgment of his duties under KORA.

Sheriff's Deputy Michael Clopton of the Sedgwick County Sheriff's Office works with the Offender Registration Unit monitoring whether registrants followed their requirements in Sedgwick County. On November 1, 2021, Deputy Clopton learned from the registration office that it had no registration paperwork for Ballard in either September or October 2021. So, Deputy Clopton tried unsuccessfully to reach Ballard by phone. About a month later, the State charged Ballard with two separate KORA violations: one for not reporting during his October 2021 birthday month under K.S.A. 2021 Supp. 22-4905(b)(1); and the second for violating K.S.A. 2021 Supp. 22-4905(f), a provision that required registrants who were currently transient to report to the local registration office at least every 30 days. As for this second charge, the State argued that Ballard's August 27, 2021 change of information form proved he was transient, and so after completing the change of information form, Ballard needed to report to the registration office at least every 30 days. Because he had not reported in September 2021, the State claimed he violated K.S.A. 2021 Supp. 22-4905(f).

The district court held a jury trial on the State's charges in October 2022. But Ballard, who suffers from paranoid schizophrenia, refused to attend his trial, despite the district court asking him each morning of trial whether he would attend.

During the jury trial, the State relied on the testimony of Kastner, Deputy Clopton, and Ryan Hansen, the custodian of the Kansas Bureau of Investigation's Registration Unit's records, to prove its charges. Highly summarized, Hansen's testimony laid the groundwork of how the registration process works. Deputy Clopton and Kastner testified that Ballard had to report quarterly based on his birthday month. They also testified that

3

Ballard had to report to registration at least every 30 days after completing the August 27, 2021 change of information form. Kastner testified she considered the change of information form Ballard completed to double as a transient report, and because he wrote down places he could be found "walk[ing] around" in the blank section of the form, he was considered transient, even if he wrote down a physical address where he could be located. She testified that when she helped Ballard complete the August 27, 2021 change of information form "[h]e was notified" that he must start registering every 30 days. Although Kastner agreed that Ballard's August 27, 2021 change of information form listed his current physical residence as John's Hillside address, Kastner testified that Ballard "had reported that he [did not] actually reside there." Instead, Ballard sometimes went "there during the day." Kastner also testified, "Prior to [Ballard's] registration in August he had reported that he was transient, so he was marked in our system as such."

Ballard's counsel presented a reasonable doubt defense containing two distinct arguments. First, he suggested that the registration office was understaffed, with a high turnover rate. Pointing to this high turnover rate, Ballard alleged he actually reported to the registration office in September 2021 and October 2021, but his registration forms were lost because sometimes "[t]hings fall between the cracks." Second, he argued he was not a transient registrant who had to register every 30 days because he resided with his brother John at the Hillside address in September 2021. John, who was Ballard's only witness, testified that Ballard lived with him "[p]retty much from August till October," leaving sometime in mid-October. According to John, he believed that Ballard was residing with him during this period because Ballard was "asleep on [his] couch about everyday." He also explained that he believed Ballard completed his KORA requirements in September 2021 and October 2021 because he drove Ballard to the registration office and saw Ballard enter the registration office both months.

Ultimately, the jury found Ballard guilty of violating K.S.A. 2021 Supp. 22-4905(b) for not reporting to registration as required during his October 2021 birthday

4

month and violating K.S.A. 2021 Supp. 22-4905(f) for not reporting every 30 days as required for registrants considered transient. The district court then imposed a controlling sentence of 47 months' imprisonment followed by 24 months' postrelease supervision.

Ballard now timely appeals.

DOES SUFFICIENT EVIDENCE SUPPORT BALLARD'S
CONVICTION FOR VIOLATING K.S.A. 2021 SUPP. 22-4905(f)?

On appeal, Ballard does not challenge his conviction for failure to report during his birthday month but focuses his challenge on his conviction for failure to register in September 2021—within 30 days of his August 2021 reporting—because he was considered transient. He contends the State presented insufficient evidence to convict him for failure to registering as a transient because the evidence he presented at trial showed he was living at his brother's house.

*Applicable Legal Principles*

K.S.A. 2021 Supp. 22-4905(f) requires a transient offender "to register in person with the registering law enforcement agency every 30 days, or more often at the discretion of the registering law enforcement agency." It further provides that a transient registrant must give the registering law enforcement agency two lists: (1) "places where the offender has slept and otherwise frequented during the period of time since the last date of registration" and (2) "places where the offender may be contacted and where the offender intends to sleep and otherwise frequent during the period of time prior to the next required date of registration." K.S.A. 2021 Supp. 22-4905(f)(1) and (2).

K.S.A. 2021 Supp. 22-4902 is the definitional provision of KORA. Subsection (l) defines "transient" as "having no fixed or identifiable address." Subsection (j) states:

5

"'Reside' means to stay, sleep or maintain with regularity or temporarily one's person and property in a particular place other than a location where the offender is incarcerated. It shall be presumed that an offender resides at any and all locations where the offender stays, sleeps or maintains the offender's person for three or more consecutive days or parts of days, or for ten or more nonconsecutive days in a period of 30 consecutive days."

Additionally, subsection (k) provides that "'[r]esidence' means a particular and definable place where an individual resides." K.S.A. 2021 Supp. 22-4902(k).

When analyzing sufficiency of the evidence arguments, this court reviews the evidence in the light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). While engaging in this review, this court cannot reweigh the evidence, resolve conflicting evidence, or redetermine the fact-finder's credibility determinations. 313 Kan. at 209. Instead, if a rational fact-finder could have found the defendant guilty beyond a reasonable doubt under the evidence viewed in the light most favorable to the State, this court must affirm the defendant's conviction. See *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

Yet, to the extent the parties' arguments involve interpreting KORA provisions, statutory interpretation is a question of law over which this court has unlimited review. *State v. Ayers*, 309 Kan. 162, 163, 432 P.3d 663 (2019). When interpreting statutes, the most fundamental rule is to interpret the statute's plain language to give effect to the Legislature's intent by enacting the statute. If the disputed statute's language is plain and unambiguous, this "'court must give effect to [the statute's] express language, rather than determine what the law should or should not be.' [Citation omitted.]" 309 Kan. at 164.

6

*Sufficient Evidence Supported Ballard's Conviction*

Ballard's first argument involves whether the State presented sufficient evidence that he was transient as defined by K.S.A. 2021 Supp. 22-4902(l). Ballard stresses that his August 27, 2021 change of information form included John's Hillside address and the term "transient" does not appear in that form. He points to John's testimony as evidence that John's address was his fixed and identifiable address after he completed the August 27, 2021 change of registration form. He asserts the evidence at trial only "showed that [he] slept every night at [John's] house from August until mid-October of 2021." As a result, Ballard asks this court to reverse his conviction for violating K.S.A. 2021 Supp. 22-4905(f) because the State presented insufficient evidence that he was transient as defined by K.S.A. 2021 Supp. 22-4902(l). The State counterargues we should reject Ballard's sufficiency of the evidence argument because it requires us to reweigh evidence in his favor and ignore evidence supporting his conviction.

Simply put, we find the State's argument persuasive. Again, K.S.A. 2021 Supp. 22-4905(f) requires KORA registrants who are considered transient under K.S.A. 2021 Supp. 22-4902(l)'s definition to register at least every 30 days with the local registering law enforcement agency. This means at Ballard's jury trial, the State had to prove the following beyond a reasonable doubt:  (1) that Ballard previously committed a crime requiring KORA registration; (2) that Ballard failed to register every 30 days with the registering law enforcement agency as required because of his transient status; and (3) that Ballard failed to complete this requirement in Sedgwick County on or about October 1, 2021.

Here, it is readily apparent the State presented evidence to meet its burden of proof. At trial, the State admitted Ballard's Arkansas journal entry showing that Ballard pleaded guilty to second-degree sexual assault in August 2004. Deputy Clopton testified that when Ballard moved to Sedgwick County, he had to register as an offender for life

7

based on his conviction in Arkansas. Kastner testified that Ballard had to report every 30 days once he completed his August 27, 2021 change of information form, because his handwritten statement on the blank section of the form about where he could be located showed Ballard was currently transient. Deputy Clopton and Kastner each testified that the registration office had no records of Ballard reporting anytime during September 2021 or October 2021. Additionally, Kastner testified that she helped Ballard complete his August 27, 2021 change of information form, at which point "[h]e was notified" that he must start registering every 30 days. She explained that although Ballard listed John's Hillside address as his current physical address on this form, Ballard had previously reported he sometimes went "there during the day" instead of "actually resid[ing] there."

Although Ballard cites John's testimony as proof that he reported to the registration office in September 2021 and October 2021, by suggesting we focus only on John's testimony, Ballard asks us to reweigh the evidence in his favor. Deputy Clopton's and Kastner's testimony that Ballard did not report to the registration office at least every 30 days during those months directly contradicts John's testimony that Ballard completed his KORA requirements in September 2021 and October 2021 because he drove Ballard to and saw Ballard enter the registration office. Kastner's testimony that Ballard previously reported that he did not "actually reside" at John's Hillside address directly contradicts John's testimony that Ballard lived with him from August until mid-October. The jury was tasked with making a credibility determination between Deputy Clopton's, Kastner's, and John's testimony regarding whether Ballard violated his KORA requirements in September and October 2021. Because the jury found Ballard guilty of violating K.S.A. 2021 Supp. 22-4905(f) by not reporting to the registration office every 30 days as required for registrants considered transient, the jury found Deputy Clopton's and Kastner's testimonies more credible. So, Ballard's sufficiency of the evidence argument fails because it requires this court to reweigh evidence in his favor and ignore evidence supporting his convictions contrary to the standards governing our review. See *Aguirre*, 313 Kan. at 209.

8

Finally, although neither party emphasized the plain language of K.S.A. 2021 Supp. 22-4905(f), the statutory language also undermines Ballard's argument. Part of Ballard's claim is that nothing in his August 27, 2021 change of information form supports Kastner's conclusion that he was currently transient. But Kastner testified that upon learning that a registrant had no "permanent place to stay," the registration office's policy was to consider that registrant transient. She also testified that once the office considered the registrant transient, the registrant must give the office a list of places where he or she could be located.

The plain language of K.S.A. 2021 Supp. 22-4905(f)(1)-(2) supports Kastner's testimony that Ballard knew that the registration office considered him transient. Kastner's testimony about transient registrants giving the office a list of places where they could be found if needed mirrors the rules found in K.S.A. 2021 Supp. 22-4905(f)(1) and (f)(2). K.S.A. 2021 Supp. 22-4905(f)(1) requires a transient registrant to provide the law enforcement agency "a list of places where the offender has slept and otherwise frequented" since the last registration. Meanwhile, K.S.A. 2021 Supp. 22-4905(f)(2) requires a registrant to "provide a list of places where the offender may be contacted and where the offender intends to sleep and otherwise frequent" before his or her next required registration. So, because Ballard wrote he "walk[ed] around Broadway and the Lord's Diner"—thus providing the list required under K.S.A. 2021 Supp. 22-4905(f)(1) and (2)—this supports that Ballard understood the registration office considered him transient, which also meant he had to report to the registration office at least every 30 days.

Here, the State presented significant evidence supporting Ballard's violation of K.S.A. 2021 Supp. 22-4905(f). When we consider that evidence in the light most favorable to the State, we conclude a rational fact-finder could find Ballard guilty beyond a reasonable doubt of failing to register at least every 30 days as of October 1, 2021, as required for registrants considered transient under K.S.A. 2021 Supp. 22-4902(l).

9

Accordingly, we reject Ballard's request to reverse his conviction for insufficient evidence.

DOES THE DISTRICT COURT'S FAILURE TO INSTRUCT THE JURY ON THE STATUTORY DEFINITIONS OF "TRANSIENT," "RESIDENCE," AND "RESIDE" CONSTITUTE CLEAR ERROR?

In Ballard's second argument, he claims the district court erred by failing to instruct the jury on the definitions of "transient," "residence," and "reside." Like Ballard's sufficiency of the evidence claim, Ballard's jury instruction argument relies on the statutory definitions of these three terms, previously defined above.

*Applicable Legal Principles*

When considering jury instruction challenges in criminal cases, we apply a three-step standard of review. *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018). Under the first step, we examine whether we "'can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal.'" 307 Kan. at 317. Under the second step, we consider "'the merits of the claim to determine whether error occurred below.'" 307 Kan. at 317. This requires us to determine whether the disputed jury instruction was legally and factually appropriate. While making this determination, we exercise unlimited review over the entire record. 307 Kan. at 318. Then, assuming the district court erred, under the third step, we assess "'whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.'" 307 Kan. at 317.

Although this standard has three distinct steps, the first and third steps are interrelated. 307 Kan. at 317. K.S.A. 2022 Supp. 22-3414(3) states:

"No party may assign as error the giving or failure to give an instruction . . . unless the party objects thereto before the jury retires to consider its verdict stating

10

distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is clearly erroneous."

As a result, to prove the district court clearly erred, the appealing party must firmly convince this court that the jury would have reached a different verdict but for the instruction error. *McLinn*, 307 Kan. at 318.

Here, Ballard admits that he never requested an instruction defining transient, residence, or reside under K.S.A. 2021 Supp. 22-4902(l), (k), and (j), respectively. Likewise, he recognizes we will not reverse his conviction for violating K.S.A. 2021 Supp. 22-4905(f) unless he firmly convinces us the jury would have acquitted him but for the district court's failure to give the definitional instruction. Even so, Ballard argues the district court's failure to sua sponte give the definitional instruction was clear error under the facts of this case.

Ballard claims the instruction was legally appropriate because an instruction including the statutory definitions would fairly and accurately define legal terms the jury needed to understand. And, Ballard reasons the definitional instruction was factually appropriate because his defense was that he resided with John in August 2021 through mid-October 2021, making the definitions of "reside" and "residence" appropriate. He argues the registration office wrongly found him transient and then required him to register every 30 days, so it was vital that the jury understand the definition of "transient" to determine whether he had a legal obligation to register every 30 days once he completed the August 27, 2021 change of information form.

Next, Ballard contends that the district court's failure to sua sponte give the definitional jury instruction resulted in his conviction. He argues the jury would have acquitted him if it had an instruction on the statutory definitions of transient, residence, and reside because those statutory definitions supported John's testimony that Ballard

11

resided with him during the relevant time period. Ballard argues that if the district court had given a definitional instruction, the jury would have understood that his fixed and permanent address was John's Hillside address because John testified that he slept on his couch every day. And he contends Kastner's testimony that the term transient meant a registrant had no "permanent place to stay" misled the jury because K.S.A. 2021 Supp. 22-4902(l) states only that "'[t]ransient' means having no fixed or identifiable residence."

Although the State agrees with Ballard that an instruction giving the statutory definitions of transient, residence, and reside would have been factually appropriate, it disagrees with Ballard's contention that the definitional instruction was legally appropriate for a couple reasons. First, it asserts the statutory definitions of transient, reside, and residence are consistent with their commonly understood definitions. Then, it suggests a definitional instruction was not legally appropriate because nothing in the Kansas Pattern Jury Instructions requires such an instruction. See PIK Crim. 4th 63.140 (2022 Supp.).

For a couple of reasons, we disagree with the State and find the definitional instruction would have been legally appropriate. But we needn't linger long on the legality of the instruction because, even so, Ballard cannot firmly convince us of clear error.

First, the broad and ambiguous definitions of transient, reside, and residence the State cites from the Merriam-Webster Online Dictionary—as proof that the disputed terms' statutory meanings mirror their ordinary meanings—do not include the interrelated character of K.S.A. 2021 Supp. 22-4902(j) through (l); that is, the definition of "residence" includes the term "resides," and the definition of "transient" includes the term "residence." And, the definition of "reside" found in K.S.A. 2021 Supp. 22-4902(j), which includes requirements for the number of days a person is found in a specific place, undermines the State's argument. The dictionary definition of "reside" simply does not

12

explain the counted-days requirements found in K.S.A. 2021 Supp. 22-4902(j): that a registrant resides wherever he has stayed, slept, or maintained his person either in the same place for 3 or more consecutive days or parts of days or in the same place for 10 or more nonconsecutive days in a period of 30 consecutive days. So, we disagree that the commonly understood definitions of these terms rendered a definitional instruction inappropriate.

And second, as for the State's argument concerning the PIK instructions, the State correctly points out that there is no instruction statutorily defining the terms transient, residence, or reside in the Kansas Pattern Jury Instruction PIK Crim. 4th 63.140. But our Supreme Court has held that the district court should not hesitate to modify PIK instructions when required. *State v. Whitaker*, 255 Kan. 118, 124, 872 P.2d 278 (1994). Under the facts of this case, where Ballard's defense hinged on the specific interrelated terms and required days found in the statutory definitions of transient, residence, and reside, it is readily apparent that an instruction defining those terms was legally appropriate.

So, the State concedes the definitional instruction was factually appropriate, and Ballard persuasively argues the definitional instruction was legally appropriate. Accordingly, if Ballard had requested a definitional instruction at his trial, the district court should have granted Ballard's request.

Yet Ballard did not meet his burden of proof under the clear error standard of review. By finding Ballard guilty of violating K.S.A. 2021 Supp. 22-4905(f), the jury weighed competing testimony and made a credibility determination against John's testimony about whether Ballard registered in September 2021 and October 2021 and whether Ballard lived with him from August 2021 until mid-October 2021. The verdict indicates the jury must have accepted Kastner's testimony that Ballard previously reported he did not "actually reside" at John's address. It also apparently credited her

13

testimony that Ballard was told he must start reporting to the registration office at least every 30 days when he completed the August 27, 2021 change of information form because the registration office considered him transient based on his statement that he "walk[s] around Broadway and the Lord's Diner."

Accordingly, the jury's verdict in this case establishes: (1) it found that Ballard did not actually reside with John; (2) it found that Ballard understood he needed to report to the registration office at least every 30 days because of his current transient status; and (3) it found Ballard did not report to the registration office during September 2021 or October 2021. Because the jury made these findings, it is highly unlikely the jury would have acquitted Ballard but for the district court's failure to instruct it on the statutory meanings of transient, residence, and reside.

The jury's credibility determinations also undermine Ballard's main argument about Kastner's testimony misleading the jury on the definition of transient. Ballard contends that the jury's guilty verdict is unreliable because Kastner's testimony that the registration office considers a registrant transient when he or she does not "have a permanent place to stay" differed so much from K.S.A. 2021 Supp. 22-4902(l)'s definition that "'[t]ransient' means having no fixed or identifiable residence." As just discussed, though, the jury accepted Kastner's testimony that Ballard knew that he must register every 30 days because his handwritten statement on the August 27, 2021 change of information form resulted in the registration office finding him transient.

And why would Ballard include a handwritten statement that he walked around Broadway Street and the Lord's Diner unless he thought it was pertinent information for the registration office to have? Even though Kastner's testimony regarding how the registration office found a registrant transient does not exactly match K.S.A. 2021 Supp. 22-4902(l)'s definition of transient, her testimony is insignificant when viewed in light of the following: (1) Kastner testified that Ballard understood he was considered a transient

14

registrant that must report to the registration office at least every 30 days as of August 27, 2021, and (2) Kastner testified that registrants like Ballard who were considered transient include places on the blank section of the change of information form where they may be located before their next reporting period.

Finally, Ballard's argument avoids a fundamental problem with his defense. To review, Ballard does not appeal his conviction for violating K.S.A. 2021 Supp. 22-4905(b)—failing to register during his October 2021 birthday month. The State charged Ballard with violating this section of KORA "on or about" November 1, 2021. The only conviction Ballard appeals is for violating K.S.A. 2021 Supp. 22-4905(f) by failing to register at least every 30 days as required for a registrant considered transient under K.S.A. 2021 Supp. 22-4902(l). The State charged Ballard with violating K.S.A. 2021 Supp. 22-4905(f) "on or about" October 1, 2021, for his failure to register in September.

At trial, Ballard presented two distinct reasonable doubt defenses to the jury. In addition to arguing that he resided with John between August 2021 to mid-October 2021, Ballard argued that he reported to the registration office in September 2021 and October 2021. In support of this defense, he alleged that the registration office lost his forms because sometimes "[t]hings fall between the cracks." He also explicitly claimed he reported to the registration office in September 2021 as well as his October 2021 birthday month.

It is obvious why Ballard would claim to report to the registration office during his October 2021 birthday month because he was required to do so under K.S.A. 2021 Supp. 22-4905(b). But why did Ballard claim to report to the registration office in September 2021? If Ballard did not know that the registration office considered him transient, or believed he was not transient, why would he make an unnecessary trip to the registration office? Ballard never explains why he claimed to report to the registration office in September 2021 while simultaneously arguing he had no legal obligation to report that

15

month. His claim of reporting to the registration office in September 2021 and claim to have no legal obligation to do so because he resided with John are conflicting defenses to the violation of K.S.A. 2021 Supp. 22-4905(f).

In short, Ballard's defense that he reported to the registration office in September 2021 supports he knew he was required to report every 30 days because the office considered him transient under K.S.A. 2021 Supp. 22-4902(l).

To conclude, as with his sufficiency of the evidence arguments, Ballard's arguments why the district court clearly erred by not instructing the jury on the statutory definitions of transient, residence, and reside ignore the jury's credibility determinations against him. Because the jury made a credibility determination that Ballard knew that he needed to report to the registration office every 30 days as required for registrants considered transient, Ballard cannot firmly convince this court that the jury would have acquitted him if instructed on the statutory definitions of transient, residence, and reside. Notwithstanding the jury's credibility determination, Ballard's arguments ignore that his handwritten statement in the blank section on the August 27, 2021 change of information form and his defense that the registration office lost his completed September 2021 paperwork is strong evidence that he knew the registration office considered him a transient registrant who must register at least every 30 days. So, although Ballard has proven that the definitional instruction was legally and factually appropriate, Ballard cannot firmly convince this court that the jury would have acquitted him of violating K.S.A. 2021 Supp. 22-4905(f) had the district court instructed the jury on the requested statutory definitions.

Because Ballard cannot establish clear error on the district court's failure to provide a definitional instruction and we find sufficient evidence presented by the State, we affirm Ballard's conviction for violating K.S.A. 2021 Supp. 22-4905(f).

16

Affirmed.