NOT DESIGNATED FOR PUBLICATION

No. 129,378

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ASHLEY D. CHERRY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed December 26, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Ashley D. Cherry appeals the decision of the Sedgwick County District Court revoking her probation and ordering her to serve a reduced six-month prison term on her conviction for felony theft. Because Cherry admitted the probation violations, we review the district court's determination to revoke her probation for abuse of judicial discretion. Given that deferential standard and the factual record, the Kansas Appellate Defender Office moved for summary disposition of this appeal. Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State agreed summary disposition would be appropriate. We granted the motion. After reviewing the parties' submissions and the relevant record, we find no abuse of discretion and affirm the district court.

1

The State charged Cherry in March 2023 with theft, a severity level 9 felony violation of K.S.A. 2021 Supp. 21-5801(a)(1)(b)(3), for stealing a computer and peripherals about a year earlier. A jury convicted Cherry in February 2024. The district court later sentenced Cherry to an 8-month prison term followed by postrelease supervision for 12 months and placed her on probation for 12 months, reflecting a presumptive guidelines sentence.

In February 2025, Cherry consented to an extension of her probation to March 26, 2026. In early July 2025, the State filed a warrant to revoke Cherry's probation alleging she had committed new crimes of theft and interference with a law enforcement officer along with technical violations of some probation conditions. The offenses had been charged in Wichita Municipal Court, meaning they were misdemeanors. During a hearing later that month, Cherry admitted the violations for purposes of the probation proceeding. Based on that admission, the district court found Cherry to have violated her probation. The district court then heard argument on the appropriate disposition of Cherry's probation.

The transcript includes no information on the factual circumstances of the new crimes. The prosecutor asked the district court to revoke Cherry's probation and to order her to serve the underlying sentence. The record reflects that Cherry's probation officer recommended she serve a three-day jail sanction and that a theft-offender class be added to her conditions of probation. Cherry's lawyer joined in that recommendation and urged the district court to continue Cherry on probation. He pointed to her continuing employment and the comparatively minor crimes identified in the warrant.

The district court briefly reviewed Cherry's criminal history including drug use that continued after she had been placed on probation and earlier convictions for forgery and theft, crimes consistent with antisocial drug-seeking behavior. The district court acknowledged that the new crimes did not appear to be drug related and Cherry had no

2

demonstrable drug use in the preceding eight months. Without any detailed explanation, the district court pointed to Cherry's criminal history and her less than sterling performance on probation, revoked her probation, and ordered her to serve a reduced prison term of six months. Cherry has appealed.

A district court's decision to revoke probation entails two steps: (1) a factual determination, supported by a preponderance of the evidence, that the probationer has violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition given any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Cherry's admission of the violations satisfied the first step and obviated the State's need to prove a probation violation. See 281 Kan. at 1170; *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We review a district court's decision on how best to address an established probation violation for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable; rests on a substantive error of law; or entails a material mistake of fact. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Cherry carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

District courts do not have wholly unfettered authority in dealing with admitted probation violators. Under K.S.A. 22-3716(c), a district court typically should impose an intermediate sanction of two or three days in jail for an initial set of probation violations, especially if they are comparatively minor. But a district court may bypass those sanctions for specific statutory reasons, among them that the defendant violated their probation by committing a felony or misdemeanor during the probationary period. K.S.A. 22-3716(c)(7)(C). Cherry's admission to committing two misdemeanors permitted the

3

district court to revoke her probation without having previously imposed an intermediate sanction.

The district court understood the controlling facts and its legal authority under the circumstances. Cherry does not suggest otherwise on appeal. She argues the district court's decision was so unreasonable no other judicial officer would have come to the same conclusion. We are constrained to disagree. Although the district court did not offer a detailed explanation for its decision, it pointed to and outlined Cherry's criminal history and particularly her checkered experience on probation. We suppose some district courts would have continued Cherry on probation with a sanction and enhanced conditions, tilting toward rehabilitation rather than deterrence. See *State v. Ayers*, 309 Kan. 162, 165, 432 P.3d 663 (2019) (penological objectives of the criminal justice process commonly identified as rehabilitation, deterrence, incapacitation, and retribution). But that is not the legal test. And we are equally comfortable in concluding other district courts would have ruled as the district court here did. Accordingly, we cannot find an abuse of discretion.

Affirmed.